818 So.2d 923 (2002)
Carlas Ann Sexton FOLSE
v.
Darryl Gerard FOLSE.
No. 2001 CA 0946.
Court of Appeal of Louisiana, First Circuit.
May 10, 2002.
*924 Tracy S. Pickerell, Baton Rouge, for Plaintiff/Appellant Carlas Ann Sexton.
Vincent A. Saffiotti, Baton Rouge, for Defendant/Appellee Darryl Gerard Folse.
Before: FITZSIMMONS, DOWNING and LANIER,[1] JJ.
DOWNING, J.
Carlas Ann Sexton Folse appeals a judgment entered by the East Baton Rouge Parish Family Court in favor of her ex-husband, Darryl Gerald Folse, on his rule to reduce child support. The trial court ruled that Mr. Folse was no longer obligated to pay private school tuition for their two children and that Mr. Folse was entitled to the income tax dependency exemptions for both children. For reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Mr. and Mrs. Folse were divorced on June 24, 1996. By judgment rendered, read and signed on December 5, 1996, the trial court granted Mrs. Folse sole custody of their two children, granting the father no right of visitation until approved by the court. By stipulated judgment read and signed by the court on January 31, 1997, Mr. Folse was ordered, among other things, to pay the full tuition for the older child at a Catholic parochial school in Baton Rouge and half the tuition for the younger child at the same school. No judgment addressed which parent could claim the income tax dependency exemptions for the children.
On November 21, 2000, the trial court heard Mr. Folse's rule for reduction of child support wherein he asked the court, among other things, to relieve him of the obligation to pay private school tuition and award him the income tax dependency exemptions. These are the only matters the trial court considered.
After a hearing on the matter, the trial court rendered judgment relieving Mr. Folse of the obligation to pay private school tuition for the children and awarding him the income tax dependency exemptions for both children. Mrs. Folse appeals this judgment assigning three assignments of error: 1) the court erred in relieving Mr. Folse of the obligation to pay private school tuition for his minor children; 2) the court erred in awarding Mr. Folse the income tax dependency exemptions for both children; 3) the court erred in failing to recalculate Mr. Folse's child support obligation when he sought a reduction in his child support obligation through the elimination of his duty to pay *925 private school tuition and the award of income tax dependency exemptions.

DISCUSSION

Private School Tuition
The trial court ruled that Mr. Folse was relieved of his obligation to pay private school tuition for his two minor children. Mrs. Folse argues that the trial court erred as a matter of law in so ruling because Mr. Folse failed to show a change of circumstance. We disagree.
Louisiana Civil Code art. 142 provides for modification of a child support award upon a showing of a change in circumstance of either the parent or the child. LSA-R.S. 9:311 A provides that an "award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstance of one of the parties between the time of the previous award and the time of the motion for modification of the award."
In Stogner v. Stogner, 98-3044, pp. 11-12 (La.7/7/99), 739 So.2d 762, 769-70, the Louisiana Supreme Court recognized that the party seeking modification need only prove a change of circumstance sufficient to justify an increase or decrease in child support. What constitutes a change in circumstance is determined on a case-by-case basis and falls within the great discretion of the trial court. Stogner, 98-3044 at p. 12, 739 So.2d at 770; Rousseau v. Rousseau, 96-502, p. 4 (La. App. 3 Cir.12/26/96), 685 So.2d 681, 682-83. Each case will rise or fall on the peculiar facts adduced, and an appellate court will not disturb the trial court's decision in these matters absent clear abuse of discretion. Stogner, 98-3044 at p. 12, 739 So.2d at 770.
The party seeking modification of a child support award bears the burden of proving that a change in circumstance has occurred. Once the moving party proves a change in circumstance, a presumption exists that the support obligation must be modified. The burden then shifts to the other party to disprove the change or otherwise overcome the presumption. Barrios v. Barrios, 95-1390, p. 4 (La.App. 1 Cir. 2/23/96), 694 So.2d 290, 293.
Here, the order requiring Mr. Folse to pay private school tuition specifies a particular school for which tuition must be paid, a school, which the children are no longer attending. The order was contained in a stipulated judgment. Evidence in the record suggests that the tuition at the children's new school is substantially higher than that at the school specified.
Further, LSA-R.S. 9:315.6 provides that tuition expenses may be added to the basic child support obligation by agreement of the parties or order of the court to meet the particular educational needs of the children. The trial court specifically found that there was no special need for private school education, though such need may have existed when the order was entered. Mr. Folse no longer agrees to pay the private school tuition for a different school than the one specified in the stipulated judgment.
In addition, while "[a] child's successful continuation of his or her education in a proven academic environment is generally found to be in his or her best interest[,]" Valure v. Valure, 96-1684, p. 4 (La.App. 1 Cir. 6/20/97), 696 So.2d 685, 688, the children have changed schools four times in five years. The trial court specifically found that there had been no continuity in the children's education.
Accordingly, the record justifies a finding of a change in circumstance such that the trial court committed no legal error in relieving Mr. Folse of his obligation to pay *926 private school tuition. Mrs. Folse's first assignment of error lacks merit.

Income Tax Dependency Exemptions
The trial court awarded the income tax dependency exemptions for both children to Mr. Folse. Mrs. Folse argues that the trial court erred as a matter of law in awarding these exemptions to Mr. Folse. We disagree.
Louisiana Revised Statute 9:315.13 governed the allocation of income tax dependency exemptions between divorced spouses at the time this matter was heard.[2] This statute provided in pertinent part as follows:
A. The amounts set forth in the schedule in R.S. 9:315.14 presume that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. However, the claiming of dependents for federal and state income tax purposes shall be as provided in Subsection B of this Section.
B. (1) The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
(a) No arrearages are owed by the obligor.
(b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.
The trial court found that Mr. Folse paid more than 50% of the child support obligation and was entitled to the exemptions. In finding Mr. Folse was entitled to the exemptions, the trial court implicitly made the findings required by former LSA-R.S. 9:315.13 B(1). The trial court made no finding or judgment of arrearages against Mr. Folse when it rendered judgment awarding the exemptions to Mr. Folse. And from the record, it does not appear that Mr. Folse was in violation of the trial court's order of support or that any ordered payments were in arrearage. Further, the record shows that Mrs. Folse's only income was from Social Security benefits, which she was not receiving when the prior orders were signed, and that she had not filed any income tax returns for three years because she had no tax liability. The record supports the benefit of the deductions to Mr. Folse and shows no significant, if any, harm to Mrs. Folse. Under these circumstance, former LSA-R.S. 9:315.13 B(1) mandates the allocation of the exemptions to Mr. Folse.
Accordingly, Mrs. Folse's second assignment of error is without merit.

Failure To Recalculate Child Support Obligation
Mrs. Folse next argues that the trial court was obligated to recalculate the basic child support amount when Mr. Folse asked for a reduction and that such recalculation would result in an increased child support liability for Mr. Folse, even though Mrs. Folse did not ask for an increase. Under the facts of this case, we disagree.
Here, the trial court did not amend the basic child support obligation. Rather, its rulings addressed extraordinary tuition expenses, *927 not included in the basic support obligation calculation, and allocated income tax dependency exemptions, also not included in the basic support obligation calculation. Where the support calculation is not implicated, the law does not require the trial court to recalculate. Mrs. Folse is correct in asserting that the amount of child support obtained by use of the guidelines is presumed to be the proper amount of child support. LSA-R.S. 9:315.1 A. However, Mrs. Folse cites no law, and we can find none, requiring a trial court to conduct a recalculation when the requested reductions in support do not implicate the calculation of basic child support under the guidelines.
Mrs. Folse suggests that LSA-C.C.P. art. 862, requiring a final judgment to grant the relief to which the prevailing party is entitled, authorizes recalculation of the child support amount. However, since recalculation is not warranted legally under the facts of this case and the trial court did not conduct a recalculation, Mrs. Folse has failed to prove her entitlement to a different amount of child support. We pretermit the issue of whether the trial court can order an increase in child support when an increase has not been requested but which may be supported when recalculation under the guidelines is required.
Mrs. Folse's third assignment of error is without merit.

CONCLUSION
For reasons stated, we affirm the judgment of the trial court. Costs are taxed to Carlas Ann Sexton Folse.
AFFIRMED.
FITZSIMMONS, J., dissents in part and assigns reasons.
FITZSIMMONS, Judge, dissenting in part with reasons.
I respectfully dissent from the portion of the opinion addressing the court's failure to recalculate Mr. Folse's child support obligation. As the majority notes, this appeal involves a rule filed on behalf of Mr. Folse to decrease child support. He sought, among other things, relief from the obligation to pay private school tuitions and receipt of income tax dependency exemptions. The court's grant of Mr. Folse's request for dispensation from payments of the costs of his children's school tuitions inescapably results in a reduction of his total child support obligation. This effective decrease in child support necessitates a recalculation to ascertain compliance with the child support guidelines or, alternatively, specific reasons for any deviation.
The provisions of La. R.S. 9:315.1 direct the following:
A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support .... There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation ....
The language is mandatory. Moreover, the failure of a trial court to give required oral or written reasons for a deviation renders a judgment deficient. Fancett v. Fancett, 590 So.2d 1250, 1252 (La.App. 1st Cir.1991).
Accordingly, it is respectfully submitted that the judgment should be vacated and *928 the matter remanded to the trial court for its recalculation of child support. Pursuant to the guidelines and directives established in La. R.S. 9:315.1, the court "shall" supply specific oral or written reasons for any deviation from the guideline's recommended amounts.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The current law, LSA-R.S. 9:315.18, effective August 15, 2001, has substantially similar pertinent provisions.