894 So.2d 1263 (2005)
John WATSON, Plaintiff-Appellant,
v.
Stacy WATSON, Defendant-Appellee.
No. 39,458-CA.
Court of Appeal of Louisiana, Second Circuit.
March 2, 2005.
*1264 Stacy Watson, pro se.
Ronald J. Miciotto, Shreveport, for Appellee.
Before PEATROSS, DREW and LOLLEY, JJ.
LOLLEY, J.
This child support matter arises from the First Judicial District Court, Caddo Parish, State of Louisiana. Appellant, John Watson, seeks reversal of the trial court judgment denying his motion to reduce child support. We affirm the trial court's judgment for the reasons assigned.

FACTS
John Watson ("John") and Stacy Haley ("Stacy") were married in Shreveport, Louisiana, on May 27, 1989. Two children were born of this union, namely, Dalton James Watson, born April 18, 1991, and Dani Kay Watson, born December 6, 1994. John and Stacy separated in November 2001, and, in January 2003, John filed a petition seeking a divorce under La. C.C. art. 103. The judgment of divorce was rendered on February 4, 2003. The judgment also included stipulated provisions regarding the custody of the minor children and support obligations. Specifically, the judgment provided that the parties were to share joint custody of the minor children and were designated as co-domiciliary parents subject to reasonable visitation as agreed between the parties. John was ordered to pay Stacy $850.00 per month in child support, and the parties *1265 were ordered to equally share the children's medical expenses not covered by insurance. Lastly, John was allowed to claim the children as tax exemptions beginning with the tax year 2003. The judgment was signed on February 7, 2003.
The record does not include that the trial court ever rendered a joint custody implementation order as required by La. R.S. 9:335 allocating the time each parent was to have physical custody of the children. However, the parties did execute a document entitled "Visitation Agreement" on May 14, 2003, wherein the parties set forth terms that provided for an equal sharing of physical custody of the minor children.
On January 28, 2004, John filed a Petition to Modify Child Support requesting a reduction in his support obligation. He alleged a significant change in circumstances, averring a decrease in his own income and an increase in Stacy's income. His pleading requested that child support be set in accordance with the guidelines applicable to shared custodial arrangements.
When the matter came for hearing, Stacy initially represented herself. The evidence adduced at trial showed that John, a car salesman, earned $53,845 in 2002 and $49,999.89 in 2003. However, his testimony indicated that in 2003 he left his long-term employment with Red River Motor Company for a couple of months and went to work at another dealership. His total earnings for the ten months of 2003 he worked for Red River Motor Company are stated on his W-2 as $43,628.56.
Printouts of his 2004 pay stubs showed that his year-to-date income as of April 9 was $19,423.55. The evidence indicates that this year-to-date total would reflect a yearly income of anywhere between approximately $69,000 and $71,000. While John submitted correspondence from his employer indicating that his year-to-date earnings reflect a no-guaranteed bonus for the previous year paid to him in January 2004, there is no evidence in the record indicating the amount of the bonus.
It was uncontradicted that Stacy had received a moderate raise in her gross bi-weekly pay. In February 2003 she was earning $723.08 bi-weekly and at the time of trial she was earning $816.80, an increase of $203.06 per month. While she admitted that she sometimes cleaned houses for extra spending cash, her testimony indicated that the income generated was minimal and sporadic.
There was also contradictory evidence presented regarding the amount of time spent by the children in the physical custody of each parent. The most specific testimony was given by John's new wife, Terrie. She conclusively indicated that the children have been spending a steadily increasing amount of time in John's physical custody since her marriage to him in May 2003 and her testimony indicated a very specific monthly breakdown of the nights the children spent with each parent. Terrie also established that she has been picking up the minor children from school since mid-February 2004 and that they have been spending the afternoons at their father's house.
John testified that at the time of the original child support decree rendered on February 4, 2003, he only had the children about 40 percent of the time and that his present share of the custodial time had increased to at least 50 percent of the time, if not more. Stacy disputed that John's custodial time with the children had increased.
The hearing was interrupted and then resumed, at which point Stacy had retained counsel. On the hearing's conclusion, the trial court took the matter under *1266 advisement and rendered its oral ruling on May 24, 2004. Finding that John had failed to show a material change in circumstances, the court denied his request for modification, and judgment was subsequently rendered. This appeal by John ensued.

DISCUSSION
John's sole argument on appeal is that the trial court erred in denying his request for modification on the basis that he failed to show a material change in circumstances in light of the Louisiana Supreme Court's decision in Stogner v. Stogner, XXXX-XXXX (La.07/07/99), 739 So.2d 762. John argues that pursuant to the Stogner decision, he was only required to show that a change in circumstances had occurred, not a material or substantial change. We disagree.
The Louisiana Supreme Court in Stogner, held that the jurisprudential rule that a party seeking to modify child support show a "substantial" change in circumstances was erroneous as a matter of law. Id., at 769. In doing so, the court cited La. R.S. 9:311 which when read at the time of the Stogner decision clearly did not require the need to show a "substantial" or "material" change in circumstances, but merely a change. By Acts 2001, No. 1082, Section 1, La. R.S. 9:311 was amended to read in pertinent part as follows:
A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. (Emphasis added.)

Comment (a) defines a material change in circumstances as a "change in circumstances having real importance or great consequences for the needs of the child or the ability to pay of either party." The comment also recognizes that the amendment overrules Stogner, insofar as it held that any change in circumstances is sufficient to justify a reduction or increase in child support. We concur and find that the portion of the Stogner decision delineating the burden of proof required by La. R.S. 9:311 for a party to obtain modification of a child support award has been legislatively superseded by the 2001 amendment of La. R.S. 9:311. Accordingly, we find that the trial court did not err in requiring John to show a material change in circumstances to modify the existing child support obligation.
In light of our finding that the trial court used the proper standard, we now turn to the question of whether the trial court erred in its determination that no material change in circumstances was found. In doing so, we note that the determination of whether a material change of circumstances has occurred is a question of fact and, therefore, the trial court's findings in that regard cannot be set aside absent manifest error. That is, we cannot reverse the trial court unless the record contains no reasonable factual basis for the trial court's finding and establishes that the finding is clearly wrong. Lewis v. State, through DOTD, 94-2370 (La.04/21/95), 654 So.2d 311.
The three potential changes in the parties' circumstances are a decrease in John's income, an increase in Stacy's income, and a change in the time spent by the children with each parent. After examining the record in its entirety, we find no manifest error in the trial court's determination that John failed to show that these in fact occurred or to the extent they did occur that they constituted a material change in circumstances.
*1267 As to John's income, the record indicates that he earned about $4,000 less in 2003 than he did in 2002.[1] However, the cause of the decrease is uncertain and arguably of his own making. John testified that he left his employment with Red River Motor Company for a couple of months and took a job with a new dealership. When his income from Red River for 2003 ($43,628.56) is divided by 10 months (the number of months he worked for them in 2003) and multiplied by 12, John could arguably have made approximately $52,300.00. Furthermore, his year-to-date information for 2004 indicated that he was on pace to make more than he made in either 2002 or 2003.
As to Stacy's income it is undisputed that she has received a raise of approximately $200.00 per month in her gross income. While such an increase arguable could constitute a material change in circumstances, we cannot say under the particular facts of this case that the trial court's continuing determination is an abuse of its great discretion. Moreover, John did not refute Stacy's testimony regarding substantial additional expenses she alone is now bearing for their daughter's after school activities.
Finally, the trial court found that John failed to show that there "has been a significant change in the amount of time that these children are spending with [him]." This finding is supported by the record. While John stated conclusively that the children were spending 60 percent of the time with their mother at the time of the prior award and now spend approximately 50 percent of the time with her, Stacy disagreed. Because reasonable evaluations of credibility should not be disturbed upon review where conflict exists in the testimony, we will not do so here. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Nor do we believe that John's new wife's testimony reflects any significant increase in time spent with the children by him. The trial court noted that although Terrie voluntarily began picking up the two children from school in February 2004, the evidence indicated that this was more of a convenience for all the parties concerned. Aside from the fact that Terrie could provide no information about the parties' practices at the time of the previous award (she did not live with John in February 2003), the remainder of her testimony reflected almost undetectable changes in the visitation schedule from one month to the next. As the record amply supports the judgment of the trial court, we find no manifest error in this regard.

CONCLUSION
For the reasons set forth above, the judgment of the trial court denying John's request for modification of his child support obligation is hereby affirmed. Costs of this appeal are assessed to John Watson.
AFFIRMED.
NOTES
[1] While mention is made of the impact the terrorist attacks of September 11, 2001, had on the auto industry, we fail to see the relevance of the alleged effect. The stipulated child support order was entered in February of 2003, almost a year and a half after the attacks. Any impact the attacks had on John's income should have been apparent at the time the original agreement was made.