FREDERICKA HOMBERG WICKER, Ad Hoc Judge.
|gMark Pio Hernandez (Mr. Hernandez) appeals a judgment denying his rule for increase in child support. For the following reasons, we affirm the judgment of the trial court.
Mr. Hernandez, and appellee, Suzanne Alyeia Fries Hernandez (Dr. Boucher), were married in Baton Rouge, Louisiana on September 2, 1989. Two children were born of the marriage: Michael Blaise Hernandez, born on May 10, 1991, and Brian Joseph Hernandez, born on March 12, 1995. On January 16, 1997 Dr. Boucher filed a petition seeking a divorce under La.C.C. art. 102[1] and child support; Mr. Hernandez answered and as plaintiff-in-reconvention requested child support.
A stipulated judgment was rendered on February 4, 1997 and signed on March 14, 1997. Dr. Boucher was ordered to pay Mr. Hernandez the sum of |->$1,250.00 per month in child support; the right of either party to seek a modification in support without the need to initially show a change in circumstances was reserved. On September 3, 1997 a judgment of divorce was rendered under La.C.C. art. 102; all previous orders of the court were to remain in full force and effect pending a trial on the merits. On May 11, 1998, Dr. Boucher filed a “Rule for Change of Custodial Plan, Change of Custody and Contempt” asserting that she had reason to believe that Mr. Hernandez had either improved his income status or had the opportunity to do so since the February, 1997 judgment, and was capable of contributing a larger proportion of the children’s support. Dr. Boucher asked the court to reevaluate the income earned by Mr. Hernandez, in light of his present earning capability, and to award her child support in an amount to be determined by the court in accordance with the Louisiana Child Support Guidelines. In a judgment signed and filed on February 23, 2000 the trial court stated that the matter of child support came before it on April 5, 1999, and after taking the issue under advisement, written reasons for judgment were rendered on December 17, 1999. The judgment found Mr. Hernandez to be voluntarily underemployed and assigned him an income of *1021 $30,000.00[2] per year/$2,500.00 per month; Dr. Boucher’s income was listed as $7,417.67 per month, giving them a combined monthly gross income of $9,917.67. With a basic monthly child support obligation for two children of $1,637.00[3], the trial court calculated that Dr. Boucher’s child support obligation was 75% of $1,637.00, or $1,227.75 per month |4and Mr. Hernandez’s child support obligation was 25% of $1,637.00, or $409.25 per month. Accordingly, the trial court ordered Dr. Boucher to pay Mr. Hernandez $409.25 per month in child support. A “Stipulated Judgment on the Rules” was rendered on January 25, 2000 and signed and filed on May 1, 2000, reiterating the above child support modification.
On November 8, 2002 Mr. Hernandez filed a “Rule for Modification of Custody & Increase in Child Support” seeking an increase in child support due to the following alleged changes in circumstances: 1) Dr. Boucher’s monthly gross income has substantially increased; 2) Dr. Boucher is deriving an economic benefit by paying her new husband, Ronald Boucher, a salary of approximately $3,000.00 per month through the community owned business, a veterinary clinic; 3) Dr. Boucher has suffered a decrease in income due to “business related changes”; 4) Mr. Hernandez is not voluntarily underemployed, as he has sought employment in his field of training, as well as other associated fields from the past few years, without success; and 5) other changes of circumstances to be shown at trial.
In a judgment rendered on September 15, 2003 and signed and filed on October 15, 2004, the trial court denied Mr. Hernandez’s rule for increase in child support. It is from this judgment that Mr. Hernandez appeals in proper person.
Child support is a continuous obligation of both parents. La. R.S. 9:315(A). Children are entitled to share in the current income of both parents and should not be the economic victims of divorce. La. R.S. 9:315(A). An award of child support may be modified if the circumstances of the child or of either parent materially change. La.C.C. art. 142[4]. An award for support shall not be increased unless the party seeking the increase shows a material change in circumstances of one of the | ^parties between the time of the previous award and the time of the motion for modification of the award. La. R.S. 9:311(A)[5]. Therefore, the party seeking *1022 modification of a child support award bears the burden of proving that a change in circumstance has occurred. Folse v. Folse, 01-0946 (La.App. 1 Cir. 5/10/02), 818 So.2d 923, 925. Once the moving party proves a change in circumstance, a presumption exists that the support obligation must be modified. Id. The burden then shifts to the other party to disprove the change or otherwise overcome the presumption. Id.
On appeal, Mr. Hernandez asserts that the trial court erred in denying his rule because there have been changes in both he and Dr. Boucher’s circumstances, warranting a modification in child support.
In making its ruling, the trial court stated that “the court simply can’t determine what your (Mr. Hernandez) income is and, therefore, doesn’t have to get to whether or not Dr. Boucher has experienced a change in income because you did not tell me what you income is, Mr. Hernandez.” We find that the trial court erred in not considering Mr. Hernandez’s allegations that Dr. Boucher’s income has substantially increased. Because the evidence necessary for this review is contained in the record, we will conduct a de novo review of the facts to determine whether there has been a material change in Dr. Boucher’s circumstances.
Mr. Hernandez urges that Dr. Boucher’s income has substantially increased, despite the fact that it is not reflected in her reported income for purposes of calculating child support. He contends that Dr. Boucher is underreporting her | ^income by improperly paying certain personal expenses, namely Mr. Boucher’s and her nanny’s salaries, out of the gross profits of the veterinary clinic[6].
Mr. Hernandez asserts that Dr. Boucher is underreporting her income by improperly paying Mr. Boucher a salary of $3,000.00 to $3,500.00 per month for his job as office manager at the veterinary clinic. Mr. Hernandez contends that when you consider Mr. Boucher’s work hours, job duties, and level of involvement in the business, he is being overpaid by the clinic. Therefore, Mr. Boucher’s salary should be included in whole or in part as Dr. Boucher’s income, for the purposes of calculating the child support payment.
Dr. Boucher testified that the veterinary clinic pays Mr. Boucher, who has a law enforcement background, an amount comparable to the cost of hiring someone to handle security and surveillance for the clinic, approximately $3,000.00 per month. She stated that Mr. Boucher’s job duties include security for the clinic; he accompanies her if she needs help at night and attends “farm calls” with her. Mr. Boucher testified that in his management position with the veterinary clinic, he is tasked with a wide range of responsibilities, including handling security, personnel problems, building maintenance and repair, *1023 grounds upkeep, and bill collection. He manages “anything that needs managing that [Dr. Boucher] can’t get to.” Mr. Hernandez testified his work hours can vary, including going to the clinic at night to manage problems, such as verifying that the clinic is secure. On the evidence presented, we find that Mr. Boucher’s salary does not appear unreasonable.
We are mindful of La. R.S. 9:315(C)(5)(c) that provides as follows:
c) The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the ^benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party’s actual expenses.
However, after reviewing the record in this manner, we find, pursuant to the above statute, that Mr. Boucher’s salary should not be attributed to Dr. Boucher’s income for purposes of determining child support.
Further, Mr. Hernandez argues that Dr. Boucher is underreporting her income by improperly paying her nanny’s salary, a personal expense, out of the veterinary clinic business account. Dr. Boucher testified she does pay the nanny out of the clinic’s business account, pursuant to her CPA’s recommendation. Mr. Hernandez asserts that the nanny’s entire salary should be added to Dr. Boucher’s income for the purpose of calculating child support payments.
Without addressing Mr. Hernandez’s contention that Dr. Boucher’s payment of a live-in nanny out of the clinic business account is a violation of federal, state, and local tax laws[7], we will, for analysis purposes, do as Mr. Hernandez suggests, and impute the nanny’s salary to Dr. Boucher’s income.
Dr. Boucher testified that she pays the nanny $200.00 per week, for a total of $10,400.00 a year. Were we to impute the nanny’s entire salary to Dr. Boucher, this would create a change in circumstances. However, a party seeking an increase in child support must show a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. La. R.S. 9:311(A). Comment 2001(a) to La. R.S. 9:311 provides that a material change in circumstances is defined as a change in circumstance having real importance or great consequences for the needs of the child or the ability to pay of either party.
| sIn the present case, Dr. Boucher testified that she now has a total of six children—the two Hernandez boys living with her 50% of the time and four additional children, including very young triplets born in July 2002, living with her fulltime. She further testified that in addition to the responsibility of six children, she has a veterinary practice which frequently requires her to handle emergencies outside of the home at night. Dr. Boucher stated that the nanny was hired to help her with the children when her business mandates that she be away from home. There is no evidence that the nanny does not receive the entire $10,400.00 per year. Nor is there any evidence that the payment of $200.00 per week for the *1024 care of four to six children is an exorbitant amount. Therefore, we find that although the addition of $200.00 per week to Dr. Boucher’s income would be a change in circumstances, it would not be a material change in circumstances, considering the necessary expense of a caregiver for Dr. Boucher’s six young children.
Mr. Hernandez further contends that the entire lease payment of $3,000.00 per month, now paid by the veterinary clinic to Dr. Boucher and her new husband, for the lease of their personal property to the clinic, should also be added to Dr. Boucher’s gross income. Dr. Boucher testified that she and Ronald own the building which the veterinary clinic uses. Therefore, the clinic pays them $3,000.00 per month for the lease of the property, making her half of the rental income $1,500.00; Dr. Boucher included $1,500.00 in rental income in her gross income calculation. Dr. Boucher also testified that this $3,000.00 lease payment is offset by their (Dr. and Mr. Boucher) $3,000.00 per month debt to Hibernia for the clinic. Therefore, we find this assignment of error without merit.
This completes our de novo review of the facts to determine whether there has been a material change in Dr. Boucher’s circumstances. We find that the evidence presented does not show a material change in her circumstances.
|9We will next review the trial court’s determination that the evidence presented does not show a material change in circumstances as to Mr. Hernandez’s income. The determination of whether a material change of circumstances has occurred is a question of fact and will not be disturbed absent manifest error. Watson v. Watson, 39,458 (La.App. 2 Cir. 3/2/05), 894 So.2d 1263, 1266.
Mr. Hernandez asserts that he has had a change in circumstance; he has been employed since the divorce and therefore should not be considered voluntarily underemployed. The record indicates that Mr. Hernandez runs his own business, Premiere Benefits, LLC (Premiere). Mr. Hernandez testified that he started his business in approximately March of 2000. Initially, he had an office, a partner and seven or eight employees. After buying his partner out, he slowly begin to “out source all of the work that’s done normally at the office.” He maintains the office for two reasons, tax write-offs/business expenses, and “hopefully” to build the business to a point to where he does need employees in the future. He is “trying to put as much money as [he] can into marketing to build that up to where that is a larger business to where [he] can have people there and even allow [himself] more freedom.” Mr. Hernandez further testified that he works approximately “five to seven hours, five to seven days a week... although, there are times that [he] actually spent day and night at the office.” At home, he usually works on computer contracts and “things of that nature” after 9:30p.m., when he has custody of the boys. He stated that his job pays him enough money to support himself and his children. However, the record indicates that he only received $6,901.00 in income from his business in 2002. Further, Mr. Hernandez admitted that he does pay personal expenses out of the business account; he explained, “whenever I pay something out of the business that is not a business expense, I list it as a distribution from my business.” However, according to Mr. Hernandez, not all | inchecks that are distributions are listed as such on the check; instead, he lists them as distributions on Quicken for his accountant, to indicate that it is a personal expense, rather than a business expense.
A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the un *1025 deremployment results through no fault or neglect of the party. La. R.S. 9:315(C)(5)(b). If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. Voluntary underemployment is a fact-driven consideration. Romanowski v. Romanowski, 03-0124 (La.App. 1 Cir.2/23/04), 873 So.2d 656, 662. The trial court has wide discretion in determining the credibility of witnesses and its factual determinations will not be disturbed on appeal absent a showing of manifest error. Id. In the present case, it is clear that the trial court did not find Mr. Hernandez to be a credible witness, calling his tax returns “works of fiction.” Accordingly, we find this assignment of error without merit.
Having found that Dr. Boucher’s income has not changed materially and that Mr. Hernandez’s imputed salary of $30,000.00 remains the same, we affirm the judgment of the trial court denying Mr. Hernandez’s rule for modification of child support.

AFFIRMED.

. La.C.C. art. 102 provides that a "divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least one hundred eighty days prior to the filing of the rule to show cause.”

. The record includes the trial court's "Notice of Rendition of Judgment and Written Reasons" signed and filed on December 17, 1999 wherein the trial court explains:
After review, the Court finds that the child support must be recalculated since a true 50-50 custody arrangement has been implemented. Furthermore, the Court finds that Mr. Hernandez is voluntarily underemployed. The last year that Mr. Hernandez worked at a full time gainful employment, his annual salary was $35,000. Therefore, the Court assigns him an income of $30,000 per year.

. We note that the basic Child Support Obligations schedule in effect at the time (La. R.S. 9:315.14) provided that when the combined adjusted monthly gross income is $9,900.00, the basic child support obligation for two children is $1,637.00.

. La.C.C. art. 142 Comment-2001 states, in pertinent part:
The [2001] amendment adds materially to describe the change in circumstances necessary to obtain a modification... of child support. The language overrules Stogner v. Stogner, 739 So.2d 762 (La.1999).

. La. R.S. 9:311 Comment — 2001(a) states, in pertinent part:
To obtain a[n]... increase in support the change in circumstances of one of the parties must be material, defined as a change in circumstance having real importance or great consequences for the needs of the *1022 child or the ability to pay of either party. The amendment specifying that the court first consider the threshold matter of materiality of the change in circumstance overrules Stogner v. Stogner, 739 So.2d 762 (La.1999), in which the Louisiana Supreme Court held that any change in circumstances is sufficient to justify a reduction or increase in child support...

. While it is true that on appeal Mr. Hernandez argues that Dr. Boucher's payment of personal expenses from the veterinary clinic's gross profits violates certain tax code provisions, and that he did not argue the specific issue of tax violations in the trial court, his rule clearly alleged that Dr. Boucher underre-ported her income by improperly paying certain personal expenses out of the clinic’s gross profits, and he argued such in the trial court. Therefore, we find that the issue of Dr. Boucher underreporting her income by improperly paying certain personal expenses is before this Court.

. Mr. Hernandez did not argue the issue of tax violations in the trial. Pursuant to Uniform Rules—Courts of Appeal, Rules 1-3, this Court will review only issues which were submitted to the trial court and which are contained in assignments of error, unless the interest of justice clearly requires others.