SUSAN M. CHEHARDY, Judge.
 

 In this matter, the trial judge granted Kent W. Hall, Sr.’s request for a reduction in child support for his minor son, K.H.
 
 [1]
 
 On appeal, Kent Hall seeks a further reduction in his child support obligation to his son. For the following reasons, we affirm the trial court judgment.
 

 Kent W. Hall, Sr. (“Kent”) and Tina Williams Hall (“Tina”) were married on May 18,1997. On May 29, 2000, Kent and Tina’s only child, a son, was born. On September 28, 2005, Kent filed a Petition for Divorce. The Judgment of Divorce was rendered on May 3, 2006.
 

 Thereafter, on July 30 and 31, 2007, and August 1, 2, and 24, 2007, trial was held on the issues of child custody, child support, spousal support, and numerous other ancillary matters. On August 28, 2007, the trial judge rendered a judgment, awarding each parent “joint and equally shared custody” of their son within a specific custody plan, ordering Kent to pay Tina child support of $2,700.00 per month, ordering Kent to maintain health insurance for the child and to pay 90% of uncovered medical expenses.
 
 [2]
 
 Kent appealed that judgment. This Court and the |3Louisiana Supreme Court affirmed the trial court judgment.
 
 Hall v. Hall,
 
 08-706 (La.App. 5 Cir. 2/10/09), 4 So.3d 254,
 
 reh’g denied
 
 (La.App. 5 Cir. 3/9/09),
 
 writ denied
 
 09-0812 (La.5/29/09), 9 So.3d 166.
 

 On July 28, 2010, Kent filed a Motion to Decrease Child Support alleging that there had been two specific changes since the August 2007 judgment that warranted a decrease in his child support obligation: his salary had decreased substantially and the child’s mother’s salary had increased substantially. After a hearing, the trial judge found that Kent had failed to prove by a preponderance of evidence that his income had decreased but succeeded in proving that Tina’s income had increased from $1,432.00 per month in 2007 to $2,750.00 per month in 2010. Based on these findings, the trial judge granted a reduction of $700.00 per month and set Kent’s current child support obligation to $2,000.00 per month. Here, Kent seeks a further reduction of his obligation to his son.
 

 Assignments of error
 

 On appeal, Kent urges four assignments of error:
 

 1) the trial court committed manifest error by finding that Kent W. Hall, Sr. did not have a decrease in income and that he sets his salary at his whim where the uncontradicted evidence was that Kent W. Hall, Sr. had suffered an enormous decrease in income due to market conditions;
 

 2) the trial court committed legal error by deviating from the child support guidelines without making the mandatory specific findings as to the amount of support that would have been required under the mechanical application of the guidelines;
 

 
 *638
 
 3) the trial court committed manifest error by only reducing Kent W. Hall, Sr.’s child support from $2,700.00 per month to $2,000.00 per month when the guidelines show that the child support should be substantially less and there were not sufficient particular facts and circumstances in the record to warrant such an extreme deviation from the guidelines; and
 

 4) the trial court committed manifest error by failing to address and failing to decrease Kent W. Hall, Sr.’s obligation to pay 90% of all uninsured medical expenses incurred on behalf of the child when the law requires that the issue be addressed and when the court’s finding that Mr. Hall was entitled to a reduction in child support would necessarily suggest that he | ¿was also entitled to a reduction of his proportionate share of uninsured medicals.
 

 Finally, based on his assertion that the trial court committed legal error, Kent asks this Court to review this record
 
 de novo.
 

 In her appellee brief, Tina responds that the trial court’s award was not in error and should not be reduced. She also replies that the trial court did not err in denying Kent a reduction in his share of their son’s uninsured medical expenses.
 
 [3]
 

 Standard of Review
 

 Generally, the standard of appellate review of factual findings in a civil action is a two-part test: (1) the appellate court must find from the record there is a reasonable factual basis for the finding of the fact finder, and (2) the appellate court must further determine the record establishes the finding is not clearly wrong (manifestly erroneous).
 
 Mart v. Hill,
 
 505 So.2d 1120, 1127 (La.1987). Factual findings should not be reversed on appeal absent manifest error.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). If the trial court’s “findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse.... ”
 
 Sistler v. Liberty Mutual Ins. Co.,
 
 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder’s' choice between them cannot be manifestly erroneous.
 
 Stobart v. State, DOTD,
 
 617 So.2d 880, 888 (La.1993).
 

 With respect to this case, a district court’s order of child support is entitled to great weight.
 
 Carmouche v. Carmouche,
 
 03-1106 (La.App. 5 Cir. 2/23/04), 869 So.2d 224. “[A]n appellate court will not disturb a child support order unless there |sis an abuse of discretion or manifest error.”
 
 State, D.S.S. ex rel. D.F. v. L.T.,
 
 05-1965, p. 6 (La.7/6/06), 934 So.2d 687, 690. Deviations by the district court from the child support guidelines shall not be disturbed on appeal absent a finding of manifest error. La. R.S. 9:315.17.
 

 Law and Argument
 

 Child support is a continuous obligation of both parents; children are enti-
 
 *639
 
 tied to share in the current income of both parents and should not be the economic victims of divorce or out-of-wedlock birth. La. R.S. 9:815(A). The overriding factor in determining the amount of child support is the best interests of the child. A parent’s ability to pay and the lifestyle that the child would have enjoyed if the parents were together are important considerations.
 
 Earle v. Earle,
 
 43,925 (La.App. 2 Cir. 12/3/08), 998 So.2d 828, 834,
 
 writ denied,
 
 09-0117 (La.2/13/09), 999 So.2d 1151.
 

 The Louisiana Child Support Guidelines set forth the method for implementation of the parental obligation to pay child support. La. R.S. 9:315,
 
 et seq.
 
 The guidelines are to be used in any proceeding to establish or modify child support. La. R.S. 9:315.1(A).
 

 The standard for modification of a child support award is set forth in La. C.C. art. 142 and La. R.S. 9:311(A)(1). La. C.C. art. 142 provides, “An award of child support may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that it has become unnecessary.” La. R.S. 9:311(A)(1) provides, “An award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award.”
 

 Ifiln essence, Kent argues in his first three assignments of error that the trial court was mandated to reduce the amount of Kent’s financial obligation to his minor son based on the amount of income listed on his personal tax return. His arguments lack legal support and are not persuasive.
 

 Here, the trial judge specifically found that Kent failed to prove a material change in his circumstance. While it is true that his personal tax return states that his income for 2009 was $91,876.00, Kent testified that he owns one business that operates at a profit. According to that business’ 2009 tax return submitted into evidence, its
 
 reported
 
 gross income was $1,542,864.00 with expenses totaling $483,759.00, wages totaling $538,819.00, and profits of over $160,000.00. After reviewing these tax returns, the trial judge remarked that Kent, as the business owner, could set his salary at any amount.
 

 The determination of whether a material change of circumstances has occurred is a question of fact and will not be disturbed absent manifest error.
 
 Hernandez v. Hernandez,
 
 05-1342 (La.App. 1 Cir. 6/9/06), 938 So.2d 1019, 1024-1025;
 
 Watson v. Watson,
 
 39,458 (La.App. 2 Cir. 3/2/05), 894 So.2d 1263, 1266. In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence, which is to be resolved primarily on the basis of the credibility of witnesses.
 
 Pearce v. Pearce,
 
 348 So.2d 75, 78 (La.1977). The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility.
 
 Id. See, McKenna v. McKenna,
 
 09-295 (La.App. 5 Cir. 10/27/09), 27 So.3d 923, 925-926. In the present case, it is clear that the trial court did not find Kent to be a credible witness. We will not re-evaluate the credibility of witnesses on review.
 

 Furthermore, the trial judge adequately expressed on the record that he chose to grant the reduction because Kent proved that Tina was making about $1,400.00 17more per month in 2009. Based on that amount, the trial judge awarded a reduction of half that amount or $700.00 to Kent. Again, the trial judge has vast discretion, which we will not disturb without manifest error.
 
 Hernandez, supra; Pearce, supra.
 
 These assignments are without merit.
 

 
 *640
 
 Finally, Kent argues that the trial court’s finding of a material change in circumstance necessitated a reduction of his share of uninsured medical expenses. In the original Judgment, the trial court ordered Kent to pay “90% of all medical expenses not covered by health insurance .... ” Here, Kent asserts that La. R.S. 9:315.5 requires the court to order payment of the child’s extraordinary medical expenses proportionate to the parties’ respective child support obligation. He is incorrect.
 

 “The child support statutes do not specifically address non-covered medical expenses, for example, deductibles and percentages of charges borne by the patient. ... so the allocation of payment of future medical expenses not covered by insurance lies within the discretion of the trial court.”
 
 Satterfield v. Alline,
 
 00-2069 (La.App. 4 Cir. 12/12/01), 805 So.2d 309, 312-13. Thus, there is no statutory requirement that all uncovered medical expenses of the minor child must be allocated in proportion to the parties’ share of income.
 

 For the foregoing reasons, we affirm the trial court’s judgment modifying Kent’s child support obligation. Costs of the proceedings in the lower court and in this Court are assessed to Kent pursuant to La. C.C.P. art. 2164.
 

 AFFIRMED
 

 [1]
 

 . In an attempt to protect his privacy, we will refer to the parties’ son by his initials.
 
 Accord,
 
 La. Sup.Ct. Rule XXXII, § 3.
 

 [2]
 

 . The trial court addressed several other issues in the judgment, which are' not pertinent to this appeal.
 

 [3]
 

 . In a short jurisdictional aside, we note that in a letter to this Court, Tina,
 
 in proper person,
 
 stated that "the reduction of child support ... is not in the best insterest [sic] of my child .... and further more [sic] should be set back at the orginal [sic] ruling.” However, Tina did not appeal the judgment reducing the child support award. Even if this Court were to consider her letter as an answer to Kent’s appeal, it would be untimely and, as such. could not serve as an answer to the appeal. Due to Tina’s failure to appeal or answer the appeal, this court cannot grant the relief she requested in her letter (i.e., restoring Kent’s obligation to $2,700.00), but is limited to affirming the award or decreasing it, as requested by Kent.
 
 See, Pierre v. Pierre,
 
 04-1496 (La.App. 1 Cir. 12/30/04), 898 So.2d 419, 424.