291 So.2d 441 (1974)
Thomas Walsh DUBOURG
v.
Mrs. Dorothy Jo Ann PARISY, wife of Thomas Walsh DUBOURG.
No. 6035.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1974.
*442 Liska, Exnicios & Nungesser, Alvin J. Liska, New Orleans, for plaintiff-appellant.
Favret & Favret, J. Paul Demarest, New Orleans, for defendant-appellee.
Before STOULIG and BOUTALL, JJ., and MARCEL, J. pro tem.
STOULIG, Judge.
Appellant has appealed from a judgment awarding his divorced wife alimony of $200 per month and further ordering him to pay the $85 monthly mortgage note on the matrimonial domicile. On May 5, 1970, Thomas Dubourg obtained a default judgment of divorce based on the couple's voluntarily living separate and apart for more than two years. (LSA-R.S. 9:301) Between the date of judgment and February 1972 appellant gave his former wife, Dorothy Parisy Dubourg, $50 per week for her support, in addition to paying the mortgage note of $85 per month. Then he stopped all payments.
In September 1972 Mrs. Dubourg filed a petition to fix alimony alleging she was free from fault and that the separation was caused by her husband's mental and physical cruelty to her and their children. She outlined with particularity one occasion when her husband struck her in the presence of their minor children and only through the intervention of their son did the appellant stop from committing further physical violence on her. In his answer, appellant denied striking his wife but did *443 admit that an argument occurred which was provoked by her intoxicated condition. Appellant pleaded alternatively that if any of his actions forming the basis of Mrs. Dubourg's complaint did constitute fault that they were subsequently condoned and forgiven by her voluntary participation in sex relations.
Before considering the issue of fault, we dispose of the husband's plea of res judicata, which apparently is predicated on the fact that the wife, having failed to raise the issue of fault when the divorce was granted, cannot now do so. The cases cited to support this positionBoudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966), and Bozarth v. Bozarth, 199 So.2d 544 (La.App. 4th Cir. 1967)are inapposite. Boudreaux stands for the proposition that a third party cannot collaterally attack the judgment of divorce rendered in another state based upon a lack of jurisdiction to which the parties voluntarily submitted. Bozarth addresses itself to the incidental matter of partitioning a community arising out of a suit for separation from bed and board abated by the rendition of a judgment of divorce in another state. These are not controlling or persuasive in deciding the wife's right to alimony after a judgment of divorce.
The wife's right to alimony after divorce is conferred by LSA-C.C. art. 160, provided she successfully bears the burden of proving she was without fault in causing or contributing to the failure of the marriage and that she has insufficient means of support. Under paragraph 2, this article is specifically made applicable to a judgment obtained by the husband based upon living apart for a specific period of time. There is no requirement that the alimony must be sought nor the right thereto reserved coincident with the rendition of the judgment of divorce.
In the instant matter an uncontested divorce was obtained by Mr. Dubourg based upon living separate and apart from his spouse for more than two years. Fault of the wife was not alleged in the petition nor did the judgment of divorce require its adjudication since Mrs. Dubourg was not seeking alimony. Wagner v. Wagner, 248 So.2d 96 (La.App. 4th Cir. 1971); Zarrilli v. Zarrilli, 129 So.2d 568 (La.App. 4th Cir. 1961). It therefore flows from this codal article and the above-cited jurisprudence that a divorced wife does not forfeit her right to alimony by her failure to assert it at the time of the rendition of judgment of divorce. Only her fault in causing the termination of the marriage or the possession of sufficient means for her support can deprive her of this right. The exception of res judicata is available only where there has been a specific adjudication finding her at fault.
On the issue of fault, we note the episode of physical cruelty outlined in the petition occurred approximately one year before Mrs. Dubourg asked her husband to leave. Since the parties continued to live together, obviously a reconciliation occurred after this incident. However, the separation of the spouses was not allegedly caused by a single incident but the culmination of many over a period of years. Without going into great detail, it is clear from the record that Mr. Dubourg made life unbearable for his wife and his children until the day he left and, under the circumstances, Mrs. Dubourg was fully justified in asking him to leave. In her testimony, Mrs. Dubourg very aptly described the tension-filled environment in which the family lived as "* * * it was like living on top of a volcano. You never knew when he was going to explode. He has a very violent temper."
In written reasons for judgment, the trial judge noted Mr. Dubourg made home life for his wife and children "uncomfortable," "unhappy," "apprehensive" and "generally unbearable." The trial court's finding that Mrs. Dubourg is free from fault within the contemplation of C. C. art. 160 is based on factual conclusions, reversible only on a showing of manifest error. None has been made.
*444 We next turn to defendant's plea of condonation. After Mr. Dubourg moved from the matrimonial domicile, he and his wife had sex relations. (According to the appellee it was on three or four isolated occasions within several months of his leaving; according to appellant it was more frequent.) Mrs. Dubourg's testimony that she submitted to avoid provoking her husband into withdrawing support from her and the children was accepted as factual by the trial court.
In the instant case, the plea of condonation is inappropriate. In addition to the requirement of necessitous circumstances, under C.C. art. 160 Mrs. Dubourg need only prove she was free from fault and was not responsible for the marital discord that culminated in the separation. The plea of condonation would address itself to her possible forgiveness of her husband's fault, and this is not at issue. Article 160 does not impose on the wife the burden of showing her husband was at fault; however, in presenting her case, she established his fault in absolving herself. While condonation and forgiveness of the husband's transgressions may be an effective defense against a wife's suit for separation based on these acts, it cannot serve as a defense for an action brought under C.C. art. 160.
Appellee seeks to have us reverse the trial court's assessment of alimony from the date of the judgment, claiming she is entitled to her award from the date of her filing her petition.[1] No statutory authority has been cited by appellee to sustain her contention. We find none. The case[2] cited by appellee does not resolve the issue of retroactivity of alimony awarded under C.C. art. 160, for this aspect of the decree was not raised or considered on appeal. C.C. art. 160, under which Mrs. Dubourg is claiming alimony, simply requires a determination of her freedom from fault and her being in necessitous circumstances. It is silent as to the effective date of any award made thereunder, i. e. date of filing as opposed to date of judgment. Therefore, we construe this article to vest in the trial judge the discretion to set the effective date of any alimony award made pursuant to this article dependent on the circumstances of each individual case. We find no abuse of this discretion.
For the reasons assigned, the judgment appealed from is affirmed; costs to be borne by appellant.
Affirmed.
NOTES
[1] The original judgment decreed payments were to be made as of September 2, 1972, but on defendant's motion, the trial court rendered an amended judgment, decreeing payments were to begin on the date the original judgment was rendered, i. e. May 16, 1973.
[2] Hope v. Hope, 271 So.2d 317 (La.App.2d Cir. 1972).