750 So.2d 503 (2000)
Vincent Peter DEFATTA, Jr., Plaintiff-Appellant,
v.
Lucille Culotta DEFATTA, Defendant-Appellee.
Nos. 32,636-CA, 32,637-CA.
Court of Appeal of Louisiana, Second Circuit.
February 1, 2000.
*504 Sandra L. Walker, Shreveport, Counsel for Appellant.
Aubrey R. Snell, Bossier City, Counsel for Appellee.
Before WILLIAMS, STEWART and CARAWAY, JJ.
WILLIAMS, Judge.
The plaintiff, Vincent Peter Defatta, Jr., appeals a trial court judgment awarding a continuation of interim spousal support to the defendant, Lucille Culotta Defatta, for a period of one hundred eighty days after the date of the judgment of divorce, "unless good cause be shown or until a judicial determination of fault is made, whichever occurs first." For the following reasons, we affirm.

FACTS
Vincent and Lucille Defatta were married on October 22, 1966. The parties separated on April 12, 1998. Shortly thereafter, both parties filed petitions for divorce pursuant to LSA-C.C. art. 102. The plaintiff filed his petition on April 15, 1998 and the defendant filed her petition on April 16, 1998. The cases were consolidated for trial.
On June 16, 1998, the parties entered into a consent agreement concerning numerous incidental issues including interim spousal support. The consent judgment obligated the plaintiff to pay the defendant $75.00 per month as interim spousal support, commencing April 16, 1998, subject to a credit for payments made. In consideration of the interim spousal support obligation, the plaintiff was ordered to pay the mortgage on the parties' residence at 1704 Ray Avenue in the sum of $492.00 per month and the car payment on their 1997 Chevrolet Lumina in the amount of $310.00 per month. The plaintiff waived his right to reimbursement for his payment of these community debts.
As stated above, after the time delays for obtaining a divorce pursuant to LSA-C.C. art. 102 had lapsed, both parties filed petitions for divorce. A judgment of divorce was rendered on January 29, 1999. Because the defendant had requested a continuation of interim spousal support, the trial court ordered the plaintiff to continue to pay interim spousal support to the defendant for a period of one hundred eighty days after the date of the judgment of divorce, "unless good cause be shown or until a judicial determination of fault is made, whichever occurs first." A trial on the issue of fault was scheduled for February 18, 1999. The plaintiff appeals.

DISCUSSION
The plaintiff contends the trial court erred in modifying the parties' prior agreement and the consent judgment by ordering that the payment of interim spousal support continue beyond the judgment of divorce. The plaintiff argues that, as a result of the consent judgment, the defendant relinquished her right to have the court hear her demands for interim spousal support and her right to a continuation of spousal support beyond the date of the judgment of divorce.
The purpose of an interim allowance is to maintain the status quo without unnecessary economic dislocation until a *505 determination of the amount of final support can be made, and until a period of time for adjustment elapses that does not exceed, as a general rule, one hundred eighty days after the judgment of divorce unless the obligee shows good cause for an extension. LSA-C.C. art. 113. Under Article 113, a trial court may award an interim support allowance based on the needs of the party claiming it and the other party's ability to pay, considered in light of the standard of living enjoyed by the parties during marriage.
The parties' actions for divorce commenced after January 1, 1998. Therefore, the divorce proceedings are to be governed by the law in effect after that date.[1] Under prior law, alimony pendente lite[2] terminated at the time the divorce judgment became definitive. See, Wascom v. Wascom, 96-0125 (La.4/8/87), 691 So.2d 678. However, pursuant to the law applicable to these cases, the claim for and termination of an interim periodic allowance can be extended to one hundred eighty days from the rendition of the divorce. LSA-C.C. art. 113.
The trial court is vested with much discretion in determining awards of spousal support. Such determinations will not be disturbed absent a clear abuse of discretion. Broussard v. Broussard, 532 So.2d 281 (La.App. 3rd Cir.1988).
The plaintiff argues that, by extending the period that he would be obligated to pay spousal support beyond the judgment of divorce, the trial court modified the parties' agreement and the consent judgment. In their consent agreement, the parties stipulated to the amount of spousal support that the plaintiff would pay. However, the record does not reflect a stipulation regarding the period of time that the plaintiff would be obligated to pay this amount. After considering the statutes governing interim spousal support, the trial court extended the time period during which the plaintiff would be required to pay interim spousal support. Based upon this record, we do not find that the trial court abused its discretion. This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the trial court's judgment awarding Lucille Culotta Defatta a continuation of interim spousal support for a period of 180 days after the judgment of divorce is affirmed. Costs of this appeal are assessed to the appellant, Vincent Peter Defatta, Jr.
AFFIRMED.
NOTES
[1] LSA-C.C. arts. 111 and 113 were revised pursuant to Acts 1997, No. 1078, § 1, effective Jan. 1, 1998.
[2] Under the new articles, the term "spousal support" is used instead of "alimony" in order to emphasize the changes made by this section. See, LSA-C.C. art. 111.