STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 03-1152


BRUCE ALLEN SPEIGHT

VERSUS

PAMELA KAY STEFEK SPEIGHT


********** 

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 54922
HONORABLE ROBERT EDWARD BURGESS, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**REVERSED AND REMANDED.**



**John William Pickett**
**Attorney at Law**
**P. O. Box 250**
**Many, LA 71449**
**(318) 256-3846**
**Counsel for: Plaintiff/Appellee**
**Bruce Allen Speight**

**James Scott Seaman**
**Attorney at Law**
**860 Washington St.**
**Natchitoches, LA 71457**
**(318) 352-4449**
**Counsel for: Defendant/Appellant**
**Pamela Kay Stefek Speight**

**EZELL, JUDGE.**

In this case, Pamela Speight appeals the decision of the trial court that the interim periodic spousal support granted to her terminated at the rendering of her divorce from Bruce Speight. She asserts that the trial court erred in ruling that the interim support terminated when it did and that the trial court erred in failing to find Mr. Speight in contempt of court for failure to pay the support. For the following reasons, we reverse and render.

On March 27, 2002, Mr. Speight filed for divorce from Ms. Speight in Sabine Parish. She answered and requested interim spousal support. By judgment filed September 17, 2002, Mr. Speight was ordered to pay Ms. Speight $400 a month in support, "beginning August 1, 2002 and to continue thereafter until further orders of the court."

On November 7, 2002, the trial court granted Ms. Speight a final divorce. At the hearing, the trial court ordered counsel for Ms. Speight to set the rule for permanent alimony, which she said she would be seeking. This was never filed, and Ms. Speight remarried soon thereafter. The date of the remarriage is not in the record before this court.

On February 3, 2003, Ms. Speight filed a motion seeking past-due support as well as a motion of contempt and attorney's fees. She sought support through February 1, 2003. At trial on the matter, the trial court ruled that the interim support terminated on November 7, 2002, the date of the granting of the divorce. The trial court also dismissed Ms. Speight's motion for contempt and attorney's fees. Ms. Speight appeals this decision.

Ms. Speight asserts two assignments of error on appeal; that the trial court erred in ruling that the interim support terminated on November 7, 2002, and that the trial court erred in failing to find Mr. Speight in contempt of court for failure to pay

1

support past that date. We agree that the trial court erred in ruling that the interim support terminated on the date of the divorce.

A spouse's right to claim interim periodic support is based on the statutorily-imposed duty of spouses to support each other during their marriage. *McAlpine v. McAlpine*, 94-1594 (La. 9/5/96), 679 So.2d 85. It is designed to assist the claimant spouse in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce. *Daigle v. Daigle*, 96-541 (La.App. 3 Cir. 11/6/96), 689 So.2d 478. Interim periodic support exists "to maintain the status quo without unnecessary economic dislocation until a determination of the amount of final support can be made, and until a period of time for adjustment elapses that does not exceed, as a general rule, one hundred eighty days after the judgment of divorce." *Defatta v. Defatta,* 32,636, 32,637, p.2 (La.App. 2 Cir. 2/1/00), 750 So.2d 503, 504-05. Additionally, La.Civ.Code art. 113 (emphasis ours), states:

> Upon motion of a party or when a demand for final spousal support is pending, the court may award a party interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage, which award of interim spousal support allowance *shall terminate upon the rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first.* The obligation to pay interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown.

The record in this case indicates that the trial court intended the interim support to terminate on November 7, 2002. The trial court stated that it "had no intention of [the support] going past the judgment of divorce" because counsel for Ms. Speight stated in court that she would be filing for permanent support.

However, in *Defatta, supra,* the trial court determined that interim support

2

should be extended to the wife for one hundred eighty days past the judgment of divorce. In that matter, interim support had been established by a consent judgment. The husband challenged the trial court's ruling, arguing that the extension of support past the date of the divorce judgment equated to a modification of the consent agreement. The first circuit disagreed, ruling that the trial court considered the statutes governing interim support, and that under those statutes the trial court did not abuse its discretion in extending support despite the consent agreement.

In this case, the support was not created by the consent of the parties, but rather, by the will of the court. Here, Mr. Speight can not claim that Ms. Speight agreed to any limitation on support.

Furthermore, an order extending interim spousal support one hundred eighty days from the date of the rendition of the judgment of divorce is unnecessary, since the support should not have terminated until then anyway. *Bickham v. Bickham*, 02-1307 (La.App. 1 Cir. 5/9/03), 849 So.2d 707. "Good cause" is required only for "extending interim spousal support *beyond* one hundred and eighty days from the rendition of the judgment of divorce," and need not be shown to allow interim support to continue for one hundred eighty days after the judgment of divorce. *Id* at 712.

Moreover, La.Civ.Code art. 113 is clear. "Interim spousal support terminates not upon the rendition of the judgment of divorce, but upon the rendition of a judgment awarding or denying final spousal support *or* one hundred eighty days from the rendition of the judgment of divorce, whichever comes first." *Bickham,* 849 So.2d at 712.

In this case, there was no request for final spousal support. Therefore, Ms. Speight's interim spousal support would terminate by operation of law one hundred eighty days from the judgment of divorce. The support should have continued in

3

favor of Ms. Speight for one hundred eighty days, or until the time she remarried. Accordingly, the decision of the trial court is reversed and remanded to determine the date of the former Ms. Speight's remarriage.

Because the trial court erred in determining the date on which the spousal support terminated, the trial court could not correctly rule upon Ms. Speight's motion to hold Mr. Speight in contempt of court for failure to pay the support past that date. Accordingly, this too should be reconsidered upon remand.

The decision of the trial court is reversed and remanded. Costs of this appeal are assessed against Bruce Speight.

**REVERSED AND REMANDED.**