WALTER J. ROTHSCHILD, Judge.
 

 |2Plaintiff, Kent Hall, Sr., appeals from the August 28, 2007 trial court judgment on the issues of interim spousal support
 
 [1]
 
 and calculation of child support. For the following reasons, we affirm.
 

 Kent Hall, Sr. (“Kent”) and Tina Williams Hall (“Tina”) were married on May 18, 1997. Prior to the parties’ marriage, on April 23, 1997, Kent and Tina executed a matrimonial agreement that provided for a separate property regime and contained a waiver of interim and final spousal support, among other things. On May 29, 2000, the parties’ son, Kyle Hall, was born. No other children were born of this marriage. On September 28, 2005, Kent filed a Petition for Divorce, and a Judgment of Divorce was rendered on May 3, 2006.
 

 1 .«¡Thereafter, on July 30 and 31, 2007, and August 1, 2, and 24, 2007, trial was held on the issues of child custody, child support, spousal support, and numerous other ancillary matters.
 
 [2]
 
 On August 28, 2007, the trial judge rendered a judgment, along with written reasons. In this judgment, the trial judge awarded joint and equally shared custody of the minor child to the parties and set forth a detailed custody plan, set past and current child support at $2,700 per month to be paid by Kent to Tina, with Kent to maintain health insurance for the child and to pay 90% of uncovered medical expenses, set interim spousal support at $5,800 per month from November 2005 until November 2006, and denied Tina’s claim for final spousal support because it was waived in the parties’ matrimonial agreement. The trial court addressed several other issues in the judgment as well. Kent appeals from this judgment.
 

 LAW AND DISCUSSION
 

 On appeal, in his first assignment of error, Kent asserts that the trial court erred in awarding interim spousal support to Tina, notwithstanding the waiver of interim spousal support in the matrimonial agreement. He cites LSA-C.C. art. 2329, which provides that spouses may enter into a matrimonial agreement as to all matters that are not prohibited by public
 
 *257
 
 policy, but he asserts that there is no statutory codification of the matters currently prohibited by public policy. He argues that although the Louisiana Supreme Court in
 
 Holliday v. Holliday,
 
 358 So.2d 618 (La.1978) found a prenuptial waiver of interim spousal support, or alimony
 
 pen-dente lite,
 
 was void as being contrary to public policy, in that case the Court cited former Louisiana Civil Code articles that were gender-based and would be constitutionally infirm today.
 

 | /The trial judge ordered Kent to pay Tina $5,800 per month for interim spousal support from November 2005 to November 2006. LSA-C.C. art. 98 provides that married persons owe each other fidelity, support, and assistance. A spouse’s right to claim interim spousal support is based on this statutorily-imposed duty of spouses to support each other during marriage. LSA-C.C. art. 98;
 
 McAlpine v. McAlpine,
 
 94-1594 (La.9/5/96), 679 So.2d 85, 90. Comment (e) to LSA-C.C. art. 98 explains that the spouses’ duties under this article, as a general rule, are matters of public order from which they may not derogate by contract.
 

 Interim spousal support is designed to assist the claimant in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce.
 
 Speight v. Speight,
 
 03-1152, p. 2 (La.App. 3 Cir. 2/4/04), 866 So.2d 344, 346. The purpose of interim spousal support is to maintain the status quo without unnecessary economic dislocation until a final determination of support can be made and until a period of time for adjustment elapses that does not exceed, as a general rule, 180 days after the judgment of divorce.
 
 Id.
 
 The court may award an interim spousal support allowance to a spouse based on the needs of that spouse, the ability of the other spouse to pay, and the standard of living of the spouses during the marriage. LSA-C.C. arts. 111 and 113;
 
 Loftice v. Loftice,
 
 07-1741, p. 4 (LaApp. 1 Cir. 3/26/08), 985 So.2d 204, 207.
 

 In
 
 Holliday v. Holliday,
 
 358 So.2d 618, 620 (La.1978), the Louisiana Supreme Court held that prenuptial waivers of alimony
 
 pendente lite
 
 are void as contrary to public policy. Although the former Louisiana Civil Code articles cited by the
 
 Holli-day
 
 Court referred only to a husband’s duty to support his wife, the current law providing that each spouse has a duty to support the other spouse does |-,not conflict with or invalidate the holding of the
 
 Holli-day
 
 case. Rather, the current law simply extends the benefits of interim spousal support to either spouse.
 

 See
 
 Loftice v. Loftice,
 
 07-1741 at 11, 985 So.2d at 211, in which the First Circuit discussed the
 
 Holliday
 
 case and the current law regarding interim spousal support, and it found that a waiver of interim spousal support in a prenuptial agreement would be void as against public policy. See also
 
 McAlpine v. McAlpine,
 
 in which the Louisiana Supreme Court discussed the
 
 Holliday
 
 case and the public policy considerations involved in waivers of alimony
 
 pendente lite
 
 versus permanent alimony.
 

 Based on the applicable statutory law and the jurisprudence, we agree with the trial court that the waiver of interim spousal support in the matrimonial agreement executed by Kent and Tina is invalid as against public policy. Accordingly, this assignment of error is without merit.
 

 In his second assignment of error, Kent argues that, in the alternative, the trial court erred in awarding an amount of interim spousal support greater than the amount stipulated in the matrimonial
 
 *258
 
 agreement. The parties’ matrimonial agreement provides in pertinent part:
 

 Should this waiver of alimony
 
 pendente lite
 
 be deemed invalid for any reason whatever, then the parties stipulate and agree that Kent W. Hall shall pay to Tina Marie Williams the sum of $1,000.00 per month as alimony
 
 penden-te lite
 
 ....
 

 As stated in the previous assignment of error, interim spousal support is designed to assist the claimant in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce. Interim support preserves parity in the levels of maintenance and support and avoids unnecessary financial dislocation until a final determination of support can be made.
 
 Loftice,
 
 07-1741 at 4, 985 So.2d at 207;
 
 Lambert v. Lambert,
 
 06-2399, p. 10 (La.App. 1 Cir. 3/23/07), 960 So.2d 921, 928. The trial court is vested with much discretion in determining an award of interim spousal support, and such a determination will not be disturbed absent a clear abuse of discretion.
 
 Kirkpatrick v. Kirkpatrick,
 
 41,851, p. 4 (La.App. 2 Cir. 1/24/07), 948 So.2d 390, 393.
 

 We find that the same public policy considerations that prohibit waivers of interim spousal support in prenuptial agreements also prohibit the parties from setting an amount of interim spousal support that is insufficient, based on the needs of that spouse, the ability of the other spouse to pay, and the standard of living of the spouses during the marriage. Therefore, we find no error in the trial court’s award of interim spousal support greater than the amount set forth in the matrimonial agreement. This assignment of error is without merit.
 

 In his third assignment of error, Kent contends that the award of interim spousal support should terminate as of the date of the divorce, not 180 days after the judgment of divorce, because Tina previously waived final spousal support. We disagree.
 

 LSA-C.C. art. 113 provides in pertinent part:
 

 .... If a claim for final spousal support is pending at the time of the rendition of the judgment of divorce, the interim spousal support award shall thereafter terminate upon rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first.
 

 In the present case, at the time of the rendition of the judgment of divorce, Tina’s claim for final spousal support was pending, and it was not denied until more than 180 days after the rendition of the judgment of divorce. Thus, under LSA-C.C. art. 113, Tina was entitled to interim spousal support for 180 days after the May 3, 2006 judgment of divorce.
 

 17Although Kent argues that Tina was not entitled to interim spousal support after the judgment of divorce because her claim for final spousal support was frivolous, the trial judge did not make such a determination and we cannot say that her claim was frivolous. Based on the record before us and the applicable law, we find no error in the trial court’s decision to award Tina interim spousal support until November 2006, approximately 180 days following the May 3, 2006 divorce. Accordingly, this assignment of error is without merit.
 

 In his fourth and final assignment of error, Kent asserts that the trial court erred in its calculation of child support. In the trial judge’s reasons for judgment, he found that Kent’s gross monthly income was approximately $19,000 and that Tina
 
 *259
 
 was able to earn approximately $1,700 to $2,000 per month as a pediatric dental assistant. The trial court ordered that Kent pay $2,700 per month to Tina for child support for both the past and current child support amount. Kent asserts that the trial judge should have set his child support obligation at $1,766.81 from the date of judicial demand, November 7, 2005, to the August 28, 2007 judgment, during which time Tina had physical custody of the child the majority of the time, based on Worksheet A in LSA-R.S. 9:315.20. He contends that, based on LSA-R.S. 9:315.9 and Worksheet B, his child support obligation should have been reduced and set at $1,181.43 from the date of the August 28, 2007 judgment and thereafter, because as of the date of this judgment, the parties commenced equally shared custody. He further claims that the trial judge should have provided reasons for his deviation from the child support guidelines.
 

 At the time of the request for child support and at the time of trial, the child support guidelines set forth in LSA-R.S. 9:315.19 provided for a maximum combined adjusted monthly gross income of $20,000 per month. Kent and Tina’s | ¡^monthly gross income, as found by the trial judge, exceeded this amount. LSA-R.S. 9:315.13(B) provided:
 

 If the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in R.S. 9:315.19, the court shall use its discretion in setting the amount of the basic child support obligation in accordance with the best interest of the child and the circumstances of each parent as provided in Civil Code Article 141, but in no event shall it be less than the highest amount set forth in the schedule.
 

 In the August 28, 2007 judgment, the trial judge specifically found that a reduction for the current equal shared custody plan was not justified under the facts and circumstances of this case, because he found that it was not in the child’s best interest. In his reasons for judgment, the trial judge stated in pertinent part:
 

 Since the combined gross incomes of the parties exceed the highest LRS 9:315.19 schedule levels I’ve used my discretion in setting child support; my reasons for the child support award follow. Following the parties’ separation Tina Hall exercised primary domiciliary custody of the parties’ seven year old son; during this period his monthly expenses were approximately $2,400 to $3,000 per month based upon exhibits marked Tina Hall 15, 17 and 18. These amounts are reasonable and consistent with the parties’ lifestyle and Kent Hall, Sr.’s income while married. Accordingly, child support for this period is set at $2,700 per month which amount is also awarded as current child support. The court will not reduce this award under the current circumstances of the equal sharing custody plan implemented in this court’s judgment since a reduction is not in Kyle’s best interests. Tina Hall can earn approximately $1,700 to $2,000 per month as a pediatric dental assistant. Since this income, alone, is insufficient to sustain Kyle during his custody periods with his mother, the above child support combined with her income can reasonably support him at his mother’s home. Kent Hall, Sr. is financially able to pay this support.
 

 A trial court’s order of child support is entitled to great weight and will not be disturbed absent clear abuse of discretion.
 
 Carmouche v. Carmouche,
 
 03-1106 (La.App. 5 Cir. 2/23/04), 869 So.2d 224, 226;
 
 Green v. Green,
 
 95-307, p. 8 (La.App. 3 Cir. 10/4/95), 663 So.2d 277, 281. Considering the record before us, including the trial court’s reasons, and the applicable
 
 *260
 
 law, we cannot say that the | atrial judge abused his discretion in ordering Kent to pay $2,700 per month in child support from the date of judicial demand to August 28, 2007 and thereafter. This assignment of error is without merit.
 

 DECREE
 

 For the foregoing reasons, we affirm the August 28, 2007 judgment of the trial court.
 

 AFFIRMED.
 

 [1]
 

 . Interim spousal support was formerly known as alimony
 
 pendente lile.
 
 Because the term alimony
 
 pendente lite
 
 is used in the matrimonial agreement between die parties, this term is used interchangeably with interim spousal support in this opinion.
 

 [2]
 

 . Other issues between the parties were heard and addressed prior to trial, but they are not at issue in this appeal.