# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-207

**CALVIN HOLLY, JR.**

**VERSUS**

**JON'A G. HOLLY**

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 28,364
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Marc T. Amy, John E. Conery, and Van H. Kyzar, Judges.

**REVERSED IN PART; AFFIRMED AS AMENDED.**

**Joseph A. Boothe**
**Smith, Tallaferro & Purvis**
**Post Office Box 298**
**Jonesville, LA   71343**
**(318) 339-8526**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     Jon'A G. Holly

**Brandy McClure**
**Post Office Box 665**
**Jonesville, LA   71343**
**(318) 339-7337**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     Calvin Holly, Jr.

**AMY, Judge.**

This appeal arises from a divorce proceeding. The trial court ordered the husband to pay interim spousal support to the wife and ordered that the interim spousal support award continue for one hundred eighty days post-judgment of divorce or until a final ruling on the issue of permanent spousal support. Thereafter, the husband filed a motion for new trial regarding the continuation of the interim spousal support, and the motion was denied. The husband now appeals. For the following reasons, we reverse in part and affirm as amended.

## Factual and Procedural Background

On September 25, 2005, Calvin Holly, Jr., and Jon'a G. Holly were married. Mr. Holly filed a Petition for Divorce and Ancillary Matters on March 3, 2016. Ms. Holly answered and filed a reconventional demand, in which she requested interim spousal support and stated: "[Ms. Holly] reserves all rights to bring other actions incidental to divorce." The trial court ordered Mr. Holly to pay interim spousal support to Ms. Holly retroactive to the date of the filing of the Petition for Divorce. On September 26, 2016, Mr. Holly filed a "Rule to Show Cause Why Divorce Judgment Should Not Be Granted Under Civil Code Article 102," in which he also requested "that interim spousal support be terminated upon the Judgment of Divorce." On December 2, 2016, Ms. Holly filed a "Rule for Contempt for Non Payment of Interim Spousal Support," asserting that "[Mr. Holly] has not paid interim spousal support . . . for the time period of October, November and December 2016 and is in arrears . . . as of December 2, 2016."

The trial court issued a judgment of divorce on December 8, 2016. Subsequently, on February 24, 2017, the trial court issued a judgment concerning Ms. Holly's Rule for Contempt, stating, in pertinent part:

> [T]he prior Judgment ordering payment of interim spousal support by CALVIN HOLLY, JR., to JON'A G. HOLLY . . . shall continue in full force and effect until the lapse of 180 days from the date of the Judgment of final divorce; i.e., 180 days from December 8, 2016, or until a final ruling is made by this Court on the issue of permanent spousal support.

Thereafter, Mr. Holly filed a motion for new trial. In a supporting memorandum and citing La.Civ.Code art. 113, Mr. Holly argued: "Because Ms. Holly did not request permanent spousal support and because Mr. Holly has requested that spousal support be terminated, spousal support should be terminated at the latest at the rendition of the judgment of divorce." The trial court denied Mr. Holly's motion for new trial. Mr. Holly now appeals, asserting the following assignments of error:

1.    The trial court erred in its decision that interim spousal support should be continued 180 days after the final divorce.

2.    The trial court erred in its decision to deny the Motion for New Trial.

## Discussion

Mr. Holly argues that the trial court erred in ordering that Ms. Holly's interim spousal support award should continue one hundred eighty days after the judgment of divorce. He argues that the interim spousal support award should have terminated upon rendition of the judgment of divorce according to La.Civ.Code art. 113 because "Ms. Holly did not make a request for permanent spousal support in the Answer and Reconventional Demand, and she did not request permanent spousal support in any other pleadings. There has never been a request for permanent spousal support by Ms. Holly." In a divorce proceeding, a spouse's right to claim interim spousal support is based upon the statutorily imposed duty found in La.Civ.Code art. 98 that spouses are to support each other

during marriage.[1] *Larson v. Larson*, 16-695 (La.App. 5 Cir. 10/25/17), 229 So.3d 1043. In awarding interim spousal support, the trial court is guided by La.Civ.Code art. 113, which provides, in pertinent part:[2]

> A. Upon motion of a party or when a demand for final spousal support is pending, the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, any interim allowance or final child support obligation, and the standard of living of the parties during the marriage, which award of interim spousal support allowance shall terminate upon the rendition of a judgment of divorce.

> B. If a claim for final spousal support is pending at the time of the rendition of the judgment of divorce, the interim spousal support award shall thereafter terminate upon rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first. The obligation to pay interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown.

The trial court is vested with much discretion in determining an award of interim spousal support, and its decision should not be disturbed on appeal absent an abuse of that discretion. *Loftin v. Loftin*, 09-0795 (La.App. 3 Cir. 2/3/10), 28 So.3d 1274.

For example, in *Larson*, 229 So.3d 1043, during the course of divorce proceedings, Ms. Larson filed a supplemental and amending petition, in which she withdrew her request for final spousal support. Subsequently, a judgment of divorce was granted, and the trial court awarded Ms. Larson interim spousal support for a one hundred eighty day period following the date of the judgment of divorce. Finding that the trial court had abused its discretion and was manifestly erroneous in so ruling, the fifth circuit amended the judgment to reflect that Ms.

---

[1] Louisiana Civil Code Article 98 provides: "Married persons owe each other fidelity, support, and assistance."

[2] We note that La.Civ.Code art. 113 was amended by 2018 La. Acts No. 265, § 1. However, because the effective date of this amendment is August 1, 2018 and the operative facts of this case occurred before that date, we apply the version of La.Civ.Code art. 113 in effect prior to the amendment.

Larson's interim spousal support ended on the date of the judgment of divorce, explaining: "Ms. Larson did not have a motion for final spousal support pending at the judgment of divorce, so her interim spousal support therefore terminated at the rendition of the judgment of divorce[.]" *Id.* at 1051.

As discussed above, La.Civ.Code art. 113(A) provides that an "award of interim spousal support allowance shall terminate upon the rendition of a judgment of divorce." Interim spousal support may continue past the rendition of the judgment of divorce "[i]f a claim for final spousal support is pending at the time of the rendition of the judgment of divorce[.]" La.Civ.Code art. 113(B). In her reply brief to this court, Ms. Holly argues that the trial court did not err in ordering that the award of interim spousal support should continue for one hundred eighty days following the judgment of divorce or until final disposition of the issue of permanent spousal support because there was a pending prayer for final spousal support. To demonstrate that there was a pending prayer for final spousal support, she cites the trial court's May 20, 2016 order related to a rule to show cause, which provides, in pertinent part: "Plaintiff-in-reconvention [Ms. Holly] further prays for all such relief as law, equity or the nature of the case permit." However, we find no support for a determination that Ms. Holly's general prayer for relief in her reconventional demand constitutes a pending "claim for final spousal support" under La.Civ.Code art. 113. Like in *Larson*, 229 So.3d 1043, our review of the record indicates that Ms. Holly did not have a motion for final spousal support pending when the trial court issued its judgment of divorce on December 8, 2016. Thus, according to the language of La.Civ.Code art. 113, Ms. Holly's interim spousal support terminated upon the rendition of the judgment of divorce on December 8, 2016. We conclude that the trial court abused its discretion in

4

awarding Ms. Holly interim spousal support for a one hundred eighty day period following the December 8, 2016 judgment of divorce.

Alternatively, Ms. Holly argues that, in *Dubourg v. Dubourg*, 291 So.2d 441 (La.App. 4 Cir. 1974), "[the fourth circuit] found that the wife's right to final spousal support was conferred by law (then-Louisiana Civil Code Article 160), and is not dependent upon a claim being made or even reserved." A review of that case reveals it to be distinguishable from the case at hand. In *Dubourg*, Ms. Dubourg filed a petition for permanent spousal support following the judgment of divorce. In disposing of Mr. Dubourg's plea of res judicata, the fourth circuit explained:

> The wife's right to alimony after divorce is conferred by LSA-C.C. art. 160, provided she successfully bears the burden of proving she was without fault in causing or contributing to the failure of the marriage and that she has insufficient means of support. . . . There is no requirement that the alimony must be sought nor the right thereto reserved coincident with the rendition of the judgment of divorce.
>
> . . . .
>
> [A] divorced wife does not forfeit her right to alimony by her failure to assert it at the time of the rendition of judgment of divorce.

*Dubourg*, 291 So.2d at 443. Thus, the *Dubourg* case concerned whether a spouse was entitled to final spousal support if that spouse failed to request it prior to a judgment of divorce. Here, as the case is framed, the issue is whether interim spousal support terminates upon the rendition of a judgment of divorce when there is no pending claim for final spousal support.

In the alternative, Ms. Holly asserts that the case of *Speight v. Speight*, 03-1152 (La.App. 3 Cir. 2/4/04), 866 So.2d 344, should control our decision. In that case, the trial court ruled that Ms. Speight's interim spousal support award terminated on the date of the judgment of divorce. A panel of this court reversed, stating: "The support should have continued in favor of Ms. Speight for one

hundred eighty days[.]" *Speight*, 866 So.2d at 347. However, we find the analysis in *Speight* inapplicable to the case at hand because that decision was based on an earlier version of La.Civ.Code art. 113, as evidenced by the following excerpt:

Additionally, La.Civ.Code art. 113 (emphasis ours), states:

Upon motion of a party or when a demand for final spousal support is pending, the court may award a party interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage, which award of interim spousal support allowance *shall terminate upon the rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first*. The obligation to pay interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown.

*Speight*, 866 So.2d at 346.[3] The version of La.Civ.Code art. 113 applied in *Speight* differs from the version applicable to the facts of this case, which states that an "award of interim spousal support allowance *shall terminate upon the rendition of a judgment of divorce*." (Emphasis added.) Thus, we disagree with Ms. Holly's assertion that *Speight* should control our analysis.

In his second assignment of error, Mr. Holly asserts that the trial court erred in denying his motion for new trial. Louisiana Code of Civil Procedure Article 1972 provides, in pertinent part, that a new trial shall be granted when the "judgment appears clearly contrary to the law and the evidence." As discussed above, the trial court's decision to award interim spousal support to continue for one hundred eighty days from the judgment of divorce is clearly contrary to La.Civ.Code art. 113, which states that an "award of interim spousal support

---

[3] We note that La.Civ.Code art. 113 was amended by 2003 La. Acts No. 1092, § 1, and the *Speight* court appears to have applied the version of the article in effect prior to that amendment.

allowance shall terminate upon the rendition of a judgment of divorce." Thus, we agree with Mr. Holly that his motion for new trial should have been granted.

In sum, we conclude that the trial court abused its discretion in ordering that the interim spousal support award be continued for one hundred eighty days after the judgment of divorce. Further, we conclude that the trial court erred in failing to grant Mr. Holly's motion for new trial regarding the interim spousal support award.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed, insofar as it ordered Calvin Holly, Jr., to pay interim spousal support to Jon'a G. Holly for one hundred eighty days post-judgment of divorce. The judgment is amended to reflect that the interim spousal support award paid by Mr. Holly to Ms. Holly terminated upon the rendition of the judgment of divorce on December 8, 2016, and the judgment is affirmed as amended. Costs of this appeal are assessed against Jon'a G. Holly.

**REVERSED IN PART; AFFIRMED AS AMENDED.**